VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiffs John Carter and Christine Carter*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CARTER and CHRISTINE CARTER, <br><br>Plaintiffs, <br><br>v. <br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; RC. WILLEY aka RC WILLEY FINANCIAL SERVICES, and RANDALL CORPORATION d/b/a BOWEN LAW OFFICES, <br><br>Defendant. | Case No.:   2:16-cv-02967 <br><br>**VERIFIED UNOPPOSED MOTION AND ORDER TO EXTEND PLAINTIFFS TIME TO FILE REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

Plaintiffs, John and Christine Carter ("Plaintiffs"), by and through the counsel, the Law Office of Vernon Nelson hereby moves the Court for an extension of time through and including March 8, 2017 for Plaintiff's to file their Reply Brief in Support of their Motion for Leave to File a First Amended Complaint.  As verified below, Plaintiff's attorney Vernon A. Nelson, Jr., Esq. understands that counsel for Defendants Richland Holdings and RC Willey, Jared M. Moser, Esq. of Marquis Aurbach and Coffing does not oppose the requested extension.

1. In addition to this matter, the Plaintiff has filed two similar actions against the same parties, to wit: *Geraldo et al v. Richland Holdings, Inc*. et al 2:17-cv-00015-JCM-PAL and *Whitt v. Richland Holdings, Inc., et al*, 2:17-cv-00014-APG-NJK (collectively the "Richland Actions"). Defendants filed similar Motions to Dismiss in each of the Richland Actions. The Plaintiffs in each action filed similar Oppositions and similar Motions for Leave to file Amended Complaints.

2. The Defendants filed similar Oppositions to each of Plaintiff's Motions for Leave to file Amended Complaints. In *Geraldo* and *Whitt,* the Plaintiffs' Reply Briefs were due on March 6, 2017. However, Plaintiff's counsel did not recognize that the Reply Brief in *Carter* was due on February 22, 2017.

3. Plaintiff's did not recognize this due to turnover within his office staff. Plaintiff's Counsel's hired a new Legal Assistant who started on February 15, 2015, the same day the Defendants filed their Opposition to Plaintiff Carter's Motion for Leave to file an Amended Complaint. Plaintiff's former Legal Assistant had left several days prior. Since it was the new Legal Assistant's first day, Plaintiff's counsel did not notice that the Court had Docketed the due date for Carter's Reply as February 22nd.

4. As soon as he recognized this problem, Plaintiff's counsel asked Defendants' counsel to stipulate to allow Plaintiff's counsel to file Carter's Reply on Monday. A true copy of the exchange between Plaintiff's counsel and Defendant's counsel is as follows:

**Email #1**

**From:** Vernon Nelson [mailto:vnelson@nelsonlawfirmlv.com]
**Sent:** Sunday, March 05, 2017 6:10 PM
**To:** Jared M. Moser
**Cc:** Chad F. Clement; Barbara A. Frauenfeld; Melanie Quintos Nelson
**Subject:** RE: Carter v. AcctCorp et al.; Discovery Plan and Scheduling; MAC File No. 14665-003 [IWOV-iManage.FID1000842]

Hi Jared-

We recently had to replace the assistant who was helping Melanie because she was not keeping up with calendaring (as is evidenced by this email).

I am working on our Reply Briefs for our motion for leave to amend in Geraldo/Guzman and Whitt and I just noticed that our former assistant did not calendar the short reply date for the Carter Reply Brief.

The Carter Reply will be very similar to Geraldo/Guzman's. Thus, I am respectfully requesting that you stipulate to allow me to file a late reply in Carter. I will file it at the same time I file the Reply briefs in Guzman and Whitt tomorrow.

I appreciate your consideration and I promise to provide you with the same courtesy throughout these cases.

Kind regards,

Vernon Nelson
The Law Office of Vernon Nelson

**Email #2**

**From:** Jared M. Moser [mailto:jmoser@maclaw.com]
**Sent:** Monday, March 6, 2017 9:42 AM
**To:** Vernon Nelson <vnelson@nelsonlawfirmlv.com>
**Cc:** Chad F. Clement <cclement@maclaw.com>; Barbara A. Frauenfeld <bfrauenfeld@maclaw.com>; Melanie Quintos Nelson <mqnelson@nelsonlawfirmlv.com>
**Subject:** RE: Carter v. AcctCorp et al.; Discovery Plan and Scheduling; MAC File No. 14665-003 [IWOV-iManage.FID1000842]

Vernon,

I see that the Geraldo/Guzman Reply has been filed.  As to the Carter Reply, our Response in Opposition to your Motion was filed 2/15, making the deadline to file a Reply 2/22.  It is a bit unusual to get a request for extension so late (nearly two weeks after the deadline has passed), and for retroactive application, but it is not our intention to be difficult.  We, too, would prefer to give and receive reasonable professional courtesies when appropriate.

That said, because the actions of this assistant may become relevant down the road in this case, we are not opposed to an extension if you are willing to provide (1) her name, (2) hire date, and (3) termination date.  Again, contingent upon your providing this information, we would not oppose your request.

As always, please feel free to contact me should you have any questions or concerns.  Thank you,



**Jared M. Moser, Esq.**
10001 Park Run Drive

**Email #3**

**From:** Vernon Nelson
**Sent:** Monday, March 6, 2017 12:40 PM
**To:** Jared M. Moser <jmoser@maclaw.com>
**Cc:** Chad F. Clement <cclement@maclaw.com>; Barbara A. Frauenfeld <bfrauenfeld@maclaw.com>; Melanie Quintos Nelson <mqnelson@nelsonlawfirmlv.com>
**Subject:** RE: Carter v. AcctCorp et al.; Discovery Plan and Scheduling; MAC File No. 14665-003 [IWOV-iManage.FID1000842]

Hi Jared-
Thank you for your consideration. I'm sure if you look back at our earlier emails you will see Melanie had an assistant named Gabriella. She is no longer with us. She was a temp and she started during the holiday season.

In fact, now that I look back at the calendar, Dominique's first day was February 15th and she was just getting trained and up to speed. Gabriella had left a few days prior. Thus, as a result of the turnover in this position, we missed that the Docket Entry # 20 that set the Reply date of February 22nd.

I will address this in the Stipulation we file with the court. I hope this credibly explains how the Reply date slipped through the cracks on us.

Kind regards,

Vernon Nelson
The Law Office of Vernon Nelson

5. Based on the email exchange above, Mr. Nelson understands that Mr. Moser does not oppose this motion.

6. Plaintiff respectfully submits that cause exists for the requested extension as Plaintiff's failure to respond timely was based on excusable neglect. This is Plaintiff's first request for an extension which is not filed for purposes of delay or any other improper purpose. A true copy of Plaintiff's Reply is attached hereto as Exhibit 1.

7. I, Vernon Nelson, hereby verify, under penalty of perjury, that the foregoing is true to best of my knowledge and belief.

DATED this 6th day of March, 2017

                                             THE LAW OFFICE OF VERNON NELSON

                                             By:    */s/Vernon Nelson*
                                                    VERNON NELSON, ESQ.
                                                    Nevada Bar No.: 6434
                                                    9480 S. Eastern Avenue, Suite 244
                                                    Las Vegas, NV   89123
                                                    Tel:  702-476-2500
                                                    Fax:  702-476-2788
                                                    E-Mail:  vnelson@nelsonlawfirmlv.com
                                                    *Attorney for Plaintiffs*
                                                    *John Carter and Christine Carter*

**ORDER**

IT IS ORDERED THAT JOHN CARTER AND CHRISTINE CARTER shall have until ~~March~~ April 8, 2017 to file their Reply Brief in Support of their Motion for Leave to File Its First Amended Complaint.

IT IS SO ORDERED.

_____
RICHARD F. BOULWARE, II
United States District Judge

DATED:   March 23, 2017.

VERNON A. NELSON, JR., ESQ.
Nevada Bar No.: 6434
THE LAW OFFICE OF VERNON NELSON
9480 S. Eastern Ave., Ste. 244
Las Vegas, NV  89123
Tel.: 702-476-2500
Fax.: 702-476-2788
E-mail: vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiffs John Carter and Christine Carter*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOHN CARTER and CHRISTINE CARTER,<br><br>Plaintiffs,<br><br>v.<br><br>RICHLAND HOLDINGS, INC. d/b/a ACCTCORP OF SOUTHERN NEVADA, a Nevada Corporation; RC. WILLEY aka RC WILLEY FINANCIAL SERVICES, and RANDALL CORPORATION d/b/a BOWEN LAW OFFICES,<br><br>Defendant. | Case No.:  2:16-cv-02967<br><br>**REPLY TO DEFENDANT RICHLAND HOLDINGS D/B/A ACCTCORP OF SOUTHERN NEVADA'S ("ACCTCORP") AND RC WILLEY A/K/A RC WILLEY FINANCIAL SERVICES' RESPONSE** |

Plaintiffs John Carter and Christine Carter, by and through their counsel, The Law Office of Vernon Nelson, hereby file their Reply to Defendant Richland Holdings d/b/a ACCTCORP OF SOUTHERN NEVADA's ("ACCTCORP") and RC WILLEY A/K/A RC WILLEY FINANCIAL SERVICES' RESPONSE (collectively the "Defendants") in Opposition to Plaintiffs' Counter-Motion for Leave to File First Amended Complaint (the "Reply"). This Reply is based on the following Points and Authorities, all pleadings and papers on file herein, and any oral argument allowed by this Court at the time of hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiffs' Motion for Leave to Amend should be granted because FRCP 15 and Ninth Circuit Case law provides that leave to amend should be freely granted; particularly in cases where the Plaintiffs must allege facts necessary to comply with "discovery rule" with respect to periods of

limitation. Further, in *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (2009), the Ninth Circuit held the "discovery rule" applies to FDCPA claims. Under *Mangum,* the limitations period on an FDCPA claim begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 940. The Plaintiffs have cited to two Ninth Circuit cases that are remarkably like Plaintiffs' case. In both cases, the Court found that the "discovery rule" applied and that the limitations period did not bar Plaintiffs' claims. Further, the Defendants' arguments that Plaintiffs' proposed amendments are futile are clearly without merit. Similarly, Defendant's argument that Plaintiffs' proposed Amendment is made in bad faith is also without merit. Accordingly, Plaintiffs respectfully submits that their proposed Amended Complaint should be allowed.

## II.   LEGAL ARGUMENT

Plaintiffs contend their Motion for Leave to Amend should be granted. Plaintiffs request that the Court incorporate all arguments, legal authority, exhibits, and requested relief in their Opposition to Defendant's Motion to Dismiss. Plaintiffs submit that the authorities cited therein, the documents offered for judicial notice, and, the proposed Amended Complaint demonstrate that Plaintiffs' Motion must be granted.

### A. LEAVE TO AMEND IS FREELY GRANTED WHEN PLAINTIFF SEEKS TO ALLEGE APPLICATION OF THE DISCOVERY RULE.

#### 1. Ninth Circuit Courts Routinely Grant Leave to Amend to Plead Facts to Establish Application of the Discovery Rule.

Pursuant to FRCP 15(a), leave to amend "should be freely granted when justice so requires." It is important to note that "the underlying purpose of Rule 15 . . . [is] to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). However, a Court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party..., [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

In *Eidson v. Medtronic, Inc.*, 40 F. Supp. 3d 1202 (N.D. Cal. 2014), the Defendant moved to Dismiss and argued the statute of limitations barred Plaintiffs' claim. *Id.* at 1209. The Plaintiffs' requested leave to amend "to allege facts regarding why their failure to file a timely claim should be excused." *Id.* at 1217. After Plaintiffs' amended their Complaint, the Defendants alleged Plaintiffs' had "failed to plausibly allege facts" that supported their claim that they had recently discovered claims against the Defendants. *Id.*

The Court disagreed with the Defendants and found that the Plaintiffs ***"pled sufficient facts showing (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."*** *Id.* at 1219 (emphasis added). The Court stated the issue of when the Plaintiffs "actually discovered or reasonably should have discovered the facts for purposes of the delayed discovery rule" is a question of fact for the jury. *Id.* at 1218. *See also, Marez v. County of Stanislaus*, 2014 U.S. Dist. LEXIS 93416 (E.D. Cal. July 8, 2014) (Court granted Motion to Dismiss because Plaintiffs failed to plead facts "to establish the discovery rule's application;" however, the Court found that deficiency could be "curable and 'by the allegation of other facts…,'" and granted Plaintiffs leave to amend (citing *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. Cal. 2001); Fed. R. Civ. P. 15(a)(2)).

### 2. The Ninth Circuit Has Held that "Discovery" Occurs When Plaintiff Actually Knows or Has Reason to Know of Plaintiff's Claim.

Plaintiffs contend that their proposed Amended Complaint, contains plausible allegations regarding the time and manner of how they actually discovered their claims and why they were unable to discover their claims sooner. First, the holding in *Sturgis v. Asset Acceptance, LLC*, 2016 U.S. Dist. LEXIS 5907 (D. Or. 2016) supports Plaintiffs' contention. In *Sturgis*, the Defendant obtained a default judgment against the Plaintiff; which Plaintiff satisfied. *Id.* at *2-4 (the "Default Judgment Action"). Plaintiff then sued the Defendants for violations of the FDCPA. *Id.* at *4-*5 (the "FDCPA Action").

Many of the alleged violations did not occur within the FDCPA's one (1) year statute of limitation period (the "Earlier Violations"); and many of the Earlier Violations occurred in the Default Judgment Action. *Id.* at *21-22. However, Plaintiff did not learn about the Earlier Violations until she conducted discovery in the FDCPA Action. *Id.*

3

1    The *Sturgis* Court noted that in *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (2009), the Ninth Circuit held the "discovery rule" applies to FDCPA claims. *Id.* The *Sturgis* Court also stated that, under *Mangum*, the limitations period on an FDCPA claim "begins to run 'when the Plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Id.* at *20 (citing *Mangum*, 575 F.3d at 940).

Plaintiff alleged that she did not learn about "Earlier Violations" arising from the Default Judgment Action; until she conducted discovery in the FDCPA Action. *Id.* Thus, the Court held: (1) that *Mangum* controlled and the "discovery rule" could apply to the Earlier Violations; (2) Plaintiff did not adequately plead facts to support the Discovery Rule. *Id.* at *22; and (3) the Court granted Plaintiff leave to amend to plead "additional facts which show she is entitled to the benefit of the discovery rule." *Id.* at *27.[1]

Plaintiffs also contend that the holding in *Coleman v. Daniel N. Gordon, P.C.*, 2011 U.S. Dist. LEXIS 146329 (E.D. Wash. Dec. 12, 2011) comports with the holding in *Sturgis; supra*. In *Coleman*, the Defendant obtained a Default Judgment against the Plaintiffs. *Id.* at *2 (the "Default Judgment Action"). The Court provided a chronology of the key facts/dates which is summarized as follows (See *3-*6).

1. 2009- Defendant started efforts to enforce the Default Judgment ("DJ")

**2. 9/24/09- Plaintiffs learn of DJ when she talks to Defendant via telephone.**

3. 10/28/09 Defendant send Plaintiffs a debt-collection letter.

4. 11/20/09 Defendant begins steps to garnish Plaintiffs' credit union account.

---

[1] Importantly, the *Sturgis* Court also reconciled the holding in *Mangum* with the Ninth Circuit's holding in *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997). In *Nass,* the Court "unequivocally held that, where the alleged unfair debt collection practices are statements made in a legal Complaint, the statute of limitations begins to run on the date the lawsuit was filed." *Id.* at *21. First, the Court noted that *Naas* was decided several years before *Mangum*, *Id.* at *21-22. Thus, the *Sturgis* Court determined that "*Naas* does not entirely control the precise issue" the Plaintiff raised in her proposed amendment. *Id.* The Court also noted that *Naas,* did not address "whether the discovery rule applied." Thus, the *Sturgis* Court stated: (1) *Naas* holds that if an FDCPA claim "relies on statements made in [legal pleadings], the statute of limitations begins to run on the date the lawsuit was filed." *Id.*; and (2) *Mangum* goes beyond the pleadings and holds "that a claim does not accrue until a Plaintiff discovers that the Defendants' legal assertions in that lawsuit violated the FDCPA." *Id.*

4

5. 11/23/09 Plaintiffs requests that Defendant validate the debt.

6. 12/1/09 Defendants send Plaintiffs copy of DJ with a cover letter.

7. 1/25/10 Defendant sends writ of garnishment (the "Writ") to credit union and copy to Plaintiffs via certified mail. Plaintiffs never received the copy of the Writ.

**8. 2/9/10 Credit Union sends response to the Writ to Defendant and Plaintiff. Plaintiff says this is first time that she learned of the garnishment proceeding.**

9. 4/16/10 Plaintiffs file Motion to vacate DJ and declares, under penalty of perjury, that: (1) Defendant failed to serve Complaint in the Default Judgment Action, (2) Plaintiffs called Defendant in September 2009 regarding the debt; (3) Defendants sent Plaintiff copy of the DJ after she requested validation of the debt.

**10. 12/8/10 Plaintiffs file suit against the Defendants (the "FDCPA Action").**

11. 6/25/11 Defendant moves for summary judgment and includes argument that the FDCPA claim was barred by the statute of limitations.

In denying the Defendant's Summary Judgment Motion, the Court noted the FDCPA has a one-year statute of limitation. *Id.* (citing 15 U.S.C. § 1692k(d)). The Court also noted the Ninth Circuit applies the discovery rule to FDCPA actions. *Id.* (citing *Mangum; supra*). Thus, the one-year limitation period starts when "the Plaintiff knew or had reason to know of the injury caused by the violation." *Mangum*, 575 F.3d at 941. The *Coleman* Court recognized: (1) Plaintiffs alleged the November 29, 2009 Application for Writ of Garnishment violated the FDCPA; and (2) the December 8, 2010 suit was filed more than one year after November 29, 2009. However, the Court stated:

*…the Court finds [Plaintiff] filed her [suit] within one year of learning of the writ.… [Plaintiff] received actual notice of the [Writ] on February 9, 2010, when [the credit union] mailed [Plaintiff] a copy of its answer. **Although [Plaintiff] learned of the default judgment in September 2009, she was not expected to continually check with the [Court] to see whether Defendants would apply for a Writ …or take other judicial [enforcement efforts]**. [Plaintiff] could…expect to receive notice [of other actions] from Defendants. Accordingly...the Court finds [the suit] to be timely. Defendants' summary-judgment Motion is denied….*

*Id.* at *9-*11 (emphasis added).

5

Based on the foregoing, Plaintiffs' Motion requesting must be granted. Plaintiffs request leave to allege facts which would avoid dismissal based on the statute of limitations; and which would allow for the case to be decided on the merits. Plaintiffs' various pleadings clearly evidence this Motion was not delayed. Plaintiffs filed this Motion when they filed their Opposition to Defendant's Motion to Dismiss. The Motion is not brought in bad faith or for dilatory motive. The Plaintiffs were rushed during the holiday season to file the Complaint and they failed to plead facts to support the application of the discovery rule. The case is in its early stages and the Defendant will not suffer undue prejudice. The Motion has merit and the amendment would not be futile.

Like the Plaintiffs in *Eidson, supra*, Plaintiffs have requested leave to amend their Complaint to allege facts regarding why the discovery rule should apply. Plaintiffs' new allegations clearly set forth sufficient facts that show when and how they discovered their claims and why they could not have discovered their claims earlier. Specifically, Plaintiffs have alleged that the Complaint filed in Eighth Judicial District Court, Clark County, Nevada (the "Clark County Case") did not give them any reason to know that the Defendants had: (1) violated the FDCPA, (2) committed Abuse of Process, and (3) Violated NRS Chapt. 598. Plaintiffs allege they did not know the Defendants had committed the unlawful acts described in the Complaint until they met with a credit repair agency and counsel. *See proposed Amended Complaint* at ¶¶ 10-18.

Like the *Sturgis* case, the Defendants in this case obtained a default judgment against Plaintiffs. Also like the *Sturgis* case, Plaintiffs' Complaint is not based on statements made in the Complaint. Plaintiffs' allegations very clearly state that the Complaint in the Clark County Case did not reveal any unlawful activity; and they did not learn about the FDCPA violations until they met with a credit repair agency that referred him to counsel. As the *Sturgis* Court held, the Ninth Circuit's decision in *Mangum; supra* controls. Thus, Plaintiffs' Motion should be granted so that they can allege additional facts which show they are entitled to the benefit of the discovery rule.

Finally, Plaintiffs' claim is practically indistinguishable from the Plaintiffs' claim in *Coleman; supra*. Like the Plaintiffs in *Coleman*, Plaintiffs' creditor obtained a default judgment against them. Moreover, like the Plaintiffs' in *Coleman,* the Defendants allege that they were not served with the Summons and Complaint. Further, there was nothing on the face of the Complaint that indicated that

the Defendants engaged in any unlawful activity. The Defendants have failed to provide any evidence that Plaintiffs were aware of the default judgment. However, even if they were aware of it, the holding in *Coleman*; *supra*. makes it clear that they were not expected to continually check with the Court to follow up as to whether the Defendants had undertaken any enforcement efforts. Most importantly, Plaintiffs' allegations make it clear that they did not know, or have any reason to know, that the Defendants committed the unlawful acts described in their Complaint; prior to when they met with the credit repair agency and their counsel.

Based on the foregoing, it is clear Plaintiffs did not discover their FDCPA, Abuse of Process, and NRS Chapt. 598 claims until December of 2016 when they met with the credit reporting agency and their counsel. Accordingly, the statute of limitations on their claim did not accrue until December of 2016. Plaintiffs' allegations demonstrate that their proposed Amended Complaint would not be futile. They have brought this Motion in good faith, so that their case may be decided on the merits; and not on an incorrect application of the statute of limitations.

**B. DEFENDANT ARGUMENTS IN OPPOSITION TO PLAINTIFFS' MOTON ARE WITHOUT MERIT.**

**1. Defendant's Argument That Plaintiffs' Proposed Amendment Would Be Futile Is Without Merit.**

*a. Defendants Argument That Plaintiffs' Proposed Amendment Is Futile Because the Statute of Limitations Had Already Run Is Without Merit.*

This argument has been fully addressed in Section II. (A) of this Reply Brief. Interestingly, Defendant claims that Plaintiffs ignore the law on claim discovery and accrual. However, it is the Defendant who has failed to cite any cases relevant to discovery and accrual of a cause of action under the FDCPA. The Defendant has only cited outdated authority that has nothing to do with to the discovery and accrual of FDCPA claims. To the contrary, Plaintiffs have cited current authority that is directly applicable to the discovery and accrual of FDCPA claims.

***b. Defendant's Claim That the Proposed Amendment Is Futile as They Are Judicially Estopped from Asserting Claims They Failed to Acknowledge in Their Bankruptcy Schedule Is Without Merit.***

7

1    In this part of its Opposition, Defendant simply regurgitates the arguments it made in its
2    Motion to Dismiss. Plaintiffs have already discredited these arguments in their Opposition. Notably,
3    the Defendants have failed to address the Plaintiffs' argument that, considering the allegations/facts of
4    the case at bar[2], in a light most favorable to Plaintiffs, there is substantial evidence that indicates: (1)
5    Plaintiffs did not disclose their claims in Schedule "B" due to inadvertence or mistake; and (2) this
6    evidence indicates Plaintiff can meet the most stringent standards applied by the 9th Circuit and other
7    circuit courts. *See, Ah Quin v. County of Kauai DOT*, 733 F.3d 267 (9th Cir. Haw. 2013)(*If the
8    circumstances are materially different (i.e., where the plaintiff-debtor's omission was inadvertent or
9    mistaken, instead of intentional), [the plaintiff-debtor's omission may not amount to judicial
10   estoppel]*). In this case, there are allegations and evidence that shows Plaintiffs did not know about
11   their current claims when they filed for bankruptcy. There is also evidence that indicates Plaintiffs did
12   not have a motive to conceal their claims. In this regard, it is important to recall that the Complaint
13   and Order for Judgment do not clearly identify any illegal collection activity. The evidence of the
14   illegal collection fee is buried deep in the Application for Default Judgment and it is not reasonable to
15   think that an unsophisticated consumer could identify this violation. Thus, even if Plaintiffs did
16   receive some/all of the documents filed by Defendants, it is unlikely that they would have been able to
17   recognize that Defendants charged illegal collection fees. Finally, the proposed Amended Complaint
18   shows Plaintiffs did not learn about their claim until their recent meetings with their credit repair
19   agency and counsel. Considered in the light most favorable to Plaintiffs, there are substantial
20   allegations/evidence that Plaintiffs did not know about their claims when they filed for bankruptcy and
21   that principles of judicial estoppel do not bar their claims.

### c. Defendant's Claim That the Proposed Amendment Is Futile Because the Court Lacks Subject-Matter Jurisdiction Is Without Merit.

In this part of its Opposition, Defendant simply regurgitates the arguments it made in its Motion to Dismiss. Plaintiffs have already discredited these arguments in their Opposition. Notably, Defendant continues to ignore the abundance of authority that provides that the *Rooker-Feldman* does

---

[2] Which includes the proposed Amended Complaint.

not bar FDCPA Claims. Defendants fail to recognize the importance of the recent decision of *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013)) where the Court held *Rooker-Feldman* requires a two-step analysis. *Id.* In the first step, the court must decide if any of the claims in the federal case is "a forbidden de facto appeal of a state court decision." *Id.* If one of Plaintiff's claims is not a "de facto appeal," then *Rooker-Feldman* does not apply and the case may proceed. *Id.* If the Court decides that one of Plaintiff's claims is a "de facto appeal," the claim constituting that appeal is barred as is any claim "'inextricably intertwined' with the state court judicial decision." *Id.*

In *Garduno v. Autovest LLC*, 143 F. Supp. 3d 923 (D. Ariz. 2015), the Court determined that Plaintiffs' FDCPA claim was not a "de facto appeal," because the claim was not "a direct attempt to complain of an erroneous decision by the state court. *Id.* at 927. The *Garduno* Court pointed out that "for purposes of Plaintiffs' FDCPA claim, the state court judgment is largely irrelevant." *Id.* Plaintiffs' complaint made it very clear "that the state-court judgment [is] valid" and they are not "attacking the [state court] judgment" nor are they "trying to set it aside." *Id.*

*See also, Thorpe v. Ertz*, 2016 U.S. Dist. LEXIS 178322 *; 2016 WL 7411524 (D. Alaska December 22, 2016) (where the Court found the complaint alleged Defendant violated the FDCPA and the UTPCPA by attempting to collect an excessive amount of attorney's fees. *Thorpe at pp. 7-8.* The Court held that because the allegedly illegal act was committed by Defendant, and not the court, the *Rooker-Feldman* doctrine did not deprive the Court of jurisdiction. *Id.* The facts in the case at bar are essentially identical the facts in the *Garduno* and *Thorpe* cases cited above. In this case, Plaintiffs' complaint alleges that **DEFENDANTS** committed the "Collection Fee Violations," the "§ 1692(g) Violations," and the "Interest Fees Violations." Plaintiffs do not allege that the Court committed any illegal act. Plaintiffs do not seek to undo the state court judgment and Plaintiffs are not seeking relief from the state court judgment. The FDCPA claim is not a de facto appeal and *Rooker-Feldman* does not bar Plaintiffs' FDCPA claims. In fact, paragraph 6 of Plaintiff's proposed Amended Complaint expressly states:

*6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and related State Law Claims. Plaintiffs allege that the DEFENDANTS engaged in unlawful conduct that gives rise to Plaintiffs' Complaint. Plaintiffs are seeking to recover*

9

*damages caused by the DEFENDANTS' unlawful conduct. PLAINTIFFS DO NOT ASK THIS COURT TO SET ASIDE THE JUDGMENT OR TO DIRECT ANY ORDER TO THE STATE COURT.*

### d. Defendant's Claim That the Proposed Amendment Is Futile Because the Plaintiff's Claims Are Barred by Claim Preclusion Is Without Merit.

In this part of its Opposition, Defendant simply regurgitates the arguments it made in its Motion to Dismiss. Plaintiffs have already discredited these arguments in their Opposition. Notably, Defendant fails acknowledge the importance of the Nevada District Court's recent decision in *Means v. Intelligent Bus. Solutions, Ltd.*, 2015 U.S. Dist. LEXIS 41932 (D. Nev. Mar. 31, 2015). In *Means*, the Court held that "the doctrine of claim preclusion" does not require the dismissal of an FDCPA claim. *Id.* at *4-*5. In so holding, the Court noted that "Plaintiff has not sought any declaration from this Court that would countermand or undermine the judgment of the state court as to the sole claim brought in that court for breach of contract." *Id.* The Court also noted Plaintiff did not ask the Court "to review the state court ruling…" *Id.* Additionally, the Court pointed out Plaintiff did not seek any form of relief that "would conflict in any way with the state court judgment entered against him for breach of contract." *Id.* The Court found that the FDCPA action was based on a federal statute "prohibiting certain collection practices." *Id.* Thus, the Court concluded that "nothing about the state court judgment precludes Plaintiff from asserting a FDCPA claim based on Defendant's attempt to collect $2,501.13 in collection costs…." *Id.* Again, it is important that note that, paragraph 6 of Plaintiff's proposed Amended Complaint expressly states:

*6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA") and related State Law Claims. Plaintiffs allege that the DEFENDANTS engaged in unlawful conduct that gives rise to Plaintiffs' Complaint. Plaintiffs are seeking to recover damages caused by the DEFENDANTS' unlawful conduct. PLAINTIFFS DO NOT ASK THIS COURT TO SET ASIDE THE JUDGMENT OR TO DIRECT ANY ORDER TO THE STATE COURT.*

### e. Defendant's Claim That the Proposed Amendment Is Futile Because His Abuse of Process Claim Fails as A Matter of Law Is Without Merit.

In this part of its Opposition, Defendant simply regurgitates the arguments it made in its Motion to Dismiss. Plaintiffs have already discredited these arguments in their Opposition. Notably,

Defendant continues to ignore *McCullough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939 (9th Cir. 2011), where the Court upheld a jury verdict that the Defendants' violations of the FDCPA also constituted an abuse of process.

### *f. Defendant's Argument That Plaintiffs' Proposed Amendments Are Futile Because the Civil Conspiracy Claim Corresponds to it's Legally Unsustainable FDCPA Actions Is Without Merit.*

This argument is based on Defendant's assumption that Plaintiffs' Abuse of Process and NRS Chapter 598 causes of action will be dismissed. As described above, the Defendant has no basis for this assumption. Plaintiffs' claims against Defendant ACCTCORP for Abuse of Process and Violations of NRS Chapter 598 must survive dismissal. Accordingly, Plaintiffs' related Conspiracy Cause of Action is not futile.

**2. Defendants Argument That Plaintiffs Have Repeatedly Acted in Bad Faith Is Without Merit and It Contradicts the Standard of Review that All of Plaintiff's Allegations Must Be Accepted as True and All Reasonable Inferences Must Be Drawn in Favor of Plaintiff.**

First, it is important to note that Defendants' have not proven that the Plaintiffs were properly served; and Plaintiffs deny that they were served.[3] Further, Defendants make the mistaken assumption that awareness of the state court action is not the relevant standard for the discovery rule. As noted above, the Defendants have failed to cite *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940

---

[3] (See "Affidavits of Service" attached as Exhibit "C"). The Affidavits of Service demonstrate Plaintiffs were not personally served:

> I, Anthony Spada, being duly sworn, depose and say that on the **23rd day of April, 2014** at **11:24 am, I:**
>
> **SUBSTITUTE** served by personally delivering a true copy of the **SUMMONS and COMPLAINT** to: **JANE DOE (Refused Full Name)** as **Resident / Occupant**, a person of suitable age and discretion residing at the within named person's usual place of abode located at the address of: **9205 Gentle Cascade Ave., Las Vegas, NV 89178**.
>
> **Description** of Person Served:  Age: 45,  Sex: F,  Race/Skin Color: WHITE,  Height: 5'6",  Weight: 145,  Hair: BROWN,  Glasses: N

Plaintiffs submit that the fact they were never personally served supports their allegation that they had no knowledge of the Collection Lawsuit and they never knew they needed to file an Answer.

(2009), where the Ninth Circuit held the "discovery rule" applies to FDCPA claims. *Id*. As noted above, under *Mangum*, the limitations period on an FDCPA claim begins to run "when the Plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 940. Thus, whether the Plaintiffs were aware of the state court action is wholly irrelevant to this analysis. As is cited above, the Plaintiff in *Sturgis; supra* was aware of the default judgment action; however, the Plaintiff did not become aware of the Defendant's unlawful conduct until she conducted discovery in the FDCPA action. Similarly, even though the Plaintiff in *Coleman; supra* knew about the default judgment in September 2009, the Court found that Plaintiff did not have actual knowledge of the unlawful garnishment activity, which was the basis of her Complaint, until January 2010. The *Coleman* court followed *Mangum* and determined that Plaintiffs did not have reason to know of the violation until January 2010; which was less than 10 months prior to the filing date of her Complaint. Based on the foregoing, it is clear that, even if Plaintiffs were aware of the Clark County Case, this is not evidence of bad faith; because whether they were aware of the Complaint is not relevant to the requirements of the "discovery rule" as set forth in *Mangum, supra.*

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submits that their Motion for Leave to file an Amended Complaint must be granted.

DATED this 6th day of March, 2017

THE LAW OFFICE OF VERNON NELSON

By: _____/s/Vernon Nelson_____
VERNON NELSON, ESQ.
Nevada Bar No.: 6434
9480 S. Eastern Avenue, Suite 244
Las Vegas, NV  89123
Tel:  702-476-2500
Fax:  702-476-2788
E-Mail:  vnelson@nelsonlawfirmlv.com
*Attorney for Plaintiffs*
*John Carter and Christine Carter*